OPINION
{¶ 1} Appellants Charles Roberts, d.b.a. C.D. Roberts, and Donna Roberts appeal the decision of the Perry County Court of Common Pleas that denied their motion to vacate settlement agreement.
 {¶ 2} This case arose as a result of appellants' operation of a business allowing the unpermitted and illegal disposal of solid waste and construction and demolition debris upon property zoned Rural Residential located in Thorn Township. As a result of this illegal activity, Thorn Township sought to enjoin appellants' activities by filing a complaint, on May 8, 2001, demanding a temporary and permanent injunction.
 {¶ 3} The trial court scheduled a trial for January 9, 2002. The parties were present on this date and reached an agreement to settle this matter. The parties placed the settlement agreement on the record. Specifically, the agreement provided that appellants would consent to the trial court's imposition of a permanent injunction prohibiting further violations of environmental or zoning regulations. The parties also stipulated to the conditions of a compliance schedule which would permit appellants to continue to operate their business if they met certain timetables and took certain remedial measures. The trial court gave the parties fourteen days[1] to submit an entry incorporating the terms set forth on the record. Thus, the proposed consent order and permanent injunction were due on January 23, 2002.
 {¶ 4} Appellee gave a proposed consent order and permanent injunction to appellants on the same day the parties entered into the settlement agreement. Thereafter, on January 18, 2002, appellee sent appellants another proposed consent order. Attached to this consent order was an inventory of existing violations from the Perry County Health Department. On January 24, 2002, the trial court filed a judgment entry advising the parties that no entry, pleadings or other action had been taken in the case and therefore, it would be dismissed unless good cause was shown on or before February 4, 2002.
 {¶ 5} On January 28, 2002, appellee submitted the proposed consent order and permanent injunction to the trial court, which the court signed and filed the same day. Thereafter, on February 4, 2002, appellants filed a motion to vacate the consent order and permanent injunction on the basis that appellee and the trial court engaged in ex parte communications. The trial court denied appellants' motion on February 12, 2002.
 {¶ 6} Appellants timely filed their notice of appeal and set forth the following assignments of error for our consideration:
 {¶ 7} "I. WHETHER THE COURT ERRED WHEN IT SIGNED THE DISPUTED DRAFT CONSENT ORDER WITHOUT GIVING NOTICE TO DEFENDANT (SIC) OF ITS SUBMISSION AND PROVIDING DEFENDANTS AN OPPORTUNITY FOR A HEARING AT WHICH TO DISPUTE THE TERM OF THE CONSENT ORDER DRAFTED BY THE ASSISTANT PROSECUTOR.
 {¶ 8} "II. WHETHER THE COURT ERRED IN ENTERING A PROPOSED CONSENT DECREE WHICH WAS SUBMITTED IN AN EX PARTE MANNER."
 I {¶ 9} Appellants maintain, in their First Assignment of Error, the trial court erred when it signed and filed the proposed permanent injunction and consent order without providing them a hearing at which to dispute the terms of the proposed documents. We agree.
 {¶ 10} We find Loc.R. 7 of the Perry County Common Pleas Court dispositive of this matter on appeal. This rule provides:
 {¶ 11} "Rule 7 PREPARATION OF ENTRIES
 {¶ 12} "Counsel for the party in whose favor an order, decree or judgment is rendered shall within five days thereafter prepare a proper entry and submit it to counsel for all adverse parties who shall approve it or object thereto within five days from receipt thereof.
 {¶ 13} "When the entry is approved by all counsel it shall be presented to the Judge to whom the case is assigned for approval and, when signed, shall be filed with the Clerk.
 {¶ 14} "If counsel are unable to agree upon an entry within the ten days following the order, decree or judgment of the Court, then the party refusing to approve the entry shall submit said entry to the Court along with a memorandum detailing his reasons for not approving the entry no later than fifteen days from the order, decree or judgment rendered by the Court. Failure to file said entry may result in a dismissal of the case at bar."
 {¶ 15} In the case sub judice, the parties reached a settlement in this matter on January 9, 2002. On this same day, appellee provided appellants with a copy of a proposed consent order and permanent injunction for their review. According to Loc.R. 7, appellants had five days within which to approve or object to the proposed documents. Appellants never responded within this five-day period. On January 18, 2002, appellee sent appellants another proposed consent order and permanent injunction and attached to this proposal was an inventory of existing violations from the Perry County Health Department. Appellants claim, in their brief, that they did not receive this proposal until January 23, 2002. On January 28, appellee submitted to the trial court the most recent proposed consent order and permanent injunction which the trial court signed and filed that same day.
 {¶ 16} Clearly, neither party complied with the mandates of Loc.R. 7. Appellants failed to timely respond to the proposed consent order and permanent injunction within five days of receiving the proposal on January 9. Further, well after the five-day time period provided for in the local rule to submit the proposed consent order and permanent injunction, appellee submitted to appellants another proposed consent order and permanent injunction. At this point, we believe the time period within which appellants had to accept or reject this most recent proposal began anew. Therefore, under Loc.R. 7, appellants had until January 28, to either accept or reject the latest proposal and an additional five days, or until February 3, within which to submit the proposed consent entry and permanent injunction to the trial court along with a memorandum detailing their reasons for not approving the proposal.
 {¶ 17} Appellants claim they are entitled to a hearing. Loc.R. 7 does not specifically entitle the party refusing to approve a proposed entry to a hearing. Instead, the party is to submit the entry to the trial court along with a memorandum detailing the reasons for not approving the entry. Appellants were denied their right to this procedure under Loc.R. 7 because the trial court adopted the proposed consent order and permanent injunction before appellants had time, under the local rule, to file a memorandum explaining their reasons for not approving the proposal. We would note that in its judgment entry overruling appellants' motion to vacate settlement agreement, the trial court stated that, "* * * should the Defendant [appellants] desire to request changes in the Consent Order he may do so by means of a post judgment Motion." Judgment Entry, Feb. 12, 2002.
 {¶ 18} Accordingly, we vacate the consent order and permanent injunction filed by the trial court on January 28, 2002. Upon remand, the trial court shall provide appellants with an opportunity to submit a memorandum detailing their reasons for not approving the proposed consent order and permanent injunction. Since Loc.R. 7 does not specifically require a hearing, it is within the trial court's discretion whether to conduct a hearing to address appellants' reasons for not approving the proposed consent order and permanent injunction.
 {¶ 19} Appellants' First Assignment of Error is sustained. We will not address appellants' Second Assignment of Error as it is moot based upon our disposition of appellants' First Assignment of Error.
 {¶ 20} For the foregoing reasons, the judgment of the Court of Common Pleas, Perry County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: Wise, J., Hoffman, P.J., and Farmer, J., concur.
[1] Loc.R. 7 of the Perry County Court of Common Pleas provides the parties fifteen days within which to submit, to the trial court, an entry and, if not agreed upon by the parties, a memorandum detailing reasons for not approving the entry.